IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| DB COMPANIES, INC., | ) |
| DB MOTOR FUELS, INC., | ) Case No. 04-11618 (PJW) |
| DB MARKETING COMPANY, INC., | ) |
| DB PROPERTIES MANAGEMENT, INC., | ) (Jointly Administered) |
| DB TRANSPORT, INC., | ) |
|  | ) |
| Debtors.[1] | ) |
|  | ) RE: Docket No. 2025 |
|  | ) |

## FINAL DECREE AND ORDER FOR RELATED RELIEF

DB Companies, Inc., for itself and as successor to its subsidiaries, DB Motor Fuels, Inc.,

DB Marketing Company, Inc., DB Properties Management, Inc., and DB Transport, Inc.

(collectively, the "Company") having filed its Motion for Entry of Final Decree and Related

Relief dated June 11, 2007 (the "Motion") seeking a final decree closing its Chapter 11 case

pursuant to Section 350(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule

3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and after due

deliberation and sufficient cause appearing therefore,

THE COURT FINDS AND RULES THAT:

A.      This Court has jurisdiction over these cases under 28 U.S.C. § 1334(b).

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] On June 28, 2005, the Court entered final decrees closing the cases for the following debtors: DB Motor Fuels, Inc., DB Marketing Company, Inc., DB Properties Management, Inc. and DB Transport, Inc.

C.    Due and adequate notice of the Motion has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D.    This Court has reviewed the Motion and the relief requested therein.

E.    The relief requested in the Motion is necessary and in the best interests of the Company and its consolidated estate.

F.    The Company's estates have been fully administered as required by Bankruptcy Code section 350(a) and Bankruptcy Rule 3022, making no further administration necessary.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Company's Chapter 11 case shall be and hereby is closed pursuant to Bankruptcy Code section 350(a) and Bankruptcy Rule 3022.

2.    The Company shall have no further obligation to maintain any corporate records, including but not limited to tax records, and is hereby authorized to dispose of such records. The Company is authorized to hold back from distributing to creditors under the First Amended Joint Liquidating Chapter 11 Plan of Debtors and Official Committee of Unsecured Creditors, as modified (the "Plan"), and to expend after the date hereof, the sum of $3,500 to pay the costs of disposal.

3.    Regardless of otherwise applicable state law or filing requirements thereunder, (a) the Company is hereby dissolved, (b) state recording officers are directed to accept for filing this Final Decree and any certificates or notices of dissolution pertaining to the Company, and (c) such dissolution shall not directly or indirectly result in imposition of liability on any person, including shareholders of the Company.

4.    Notwithstanding anything to the contrary contained herein, the Company's bankruptcy estate shall continue and its consultant, Robert L. Kliewe, is hereby authorized to

continue to serve as the representative of the Company from the closing of the case through December 31, 2008 (the "Post-Closing Administrative Period") for the limited purpose of wrapping up the matters described in the Motion and addressing any other matters that arise. Mr. Kliewe's authority shall include, but is not limited to, performing on behalf of the Company its remaining obligations under this Court's Consent Order Granting Debtors' Assented-to Motion to Abandon Certain Real Property dated November 30, 2006 [Docket No. 2009], including executing any documents necessary or appropriate in connection therewith.

5.      The Company shall pay Mr. Kliewe $5,000 and assign to Mr. Kliewe its interest in the payments it expects to receive from the Massachusetts Highway Department and the State of New York[2] in consideration for the services Mr. Kliewe will provide to the Company during the Post-Closing Administrative Period and in lieu of the charges he would otherwise be due.

6.      The Company shall pay Cohn Whitesell & Goldberg LLP ("CWG") $15,000 for services CWG will render to and expenses that will be incurred on behalf of the Company during the Post-Closing Administrative Period and in lieu of the charges CWG would otherwise be due.

7.      The expedited procedures described in the Motion concerning compensation of estate professionals for services prior to entry of this Order are hereby approved.

8.      If the Company receives funds in excess of $25,000 during the Post-Closing Administrative Period, the Company shall make a further distribution to its general unsecured creditors in accordance with the terms of the Plan, provided however that the Company is not required to make a distribution of less than $10.00 to any one creditor.

---

[2] Notwithstanding the closing of the case and the assignment of the Company's right to receipt of the payment (a tax refund) from the State of New York, this Court shall retain specific jurisdiction to enforce its Order Approving Stipulation Resolving Claim of New York State Department of Taxation and Finance dated February 13, 2006 [Docket No. 1929] and to direct that the State of New York pay the refund.

3

9.    Regardless of whether a further distribution is made pursuant to the preceding paragraph, the Company shall donate any funds on hand at the conclusion of the Post-Closing Administrative Period (not to exceed $25,000) to the United Way of Rhode Island.

10.    This Court shall retain jurisdiction to adjudicate any matters arising from or related to the implementation of this Final Decree, including to the extent necessary to enforce payment of the New York Refund as defined and described in the Motion.

Dated: _June 21_ 2007
Wilmington, Delaware

_____
Hon. Peter J. Walsh
United States Bankruptcy Judge

4