UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH                                           824 MARKET STREET
                                                              WILMINGTON, DE 19801
                                                                 (302) 252-2925

March 14, 2008

Victoria Watson Counihan                 Robert Lachapelle
Dennis A. Meloro                         643 Main Street
Greenberg Traurig, LLP                   Pawtucket, RI 02860
The Nemours Building
1007 North Orange Street                 Pro Se
Suite 1200
Wilmington, DE 19801

Daniel C. Cohn
Nathan R. Soucy
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

Counsel to the Debtors

**Re:  DB Companies, Inc., et al.
      Case No. 04-11618 (PJW)**

Dear Counsel and Mr. Lachapelle:

      This is with respect to Debtors' motion (A) to reopen Debtors' chapter 11 case, (B) to enforce this Court's orders concerning sale of property and plan confirmation, and (C) for sanctions (Doc. # 2034).  The motion seeks relief on behalf of the Debtors and their CEO, Arthur J. DeBlois, III (hereinafter collectively referred to as "Debtors and DeBlois").

      As the record reflects, Mr. Robert Lachapelle, appearing pro se, filed an objection to the motion (Doc. # 2038).  At the March 12, 2008 hearing on the motion Mr. Lachapelle did not appear,

either pro se or through counsel.  At the hearing I expressed some concern about making a determination on the merits absent an informed and effective response to the motion.  I did not consider Mr. Lachapelle's objection to be informed or effective.

After some discussion at the hearing, I indicated that I would be disposed to entering an order granting the relief, subject to granting any party an opportunity to file a response to the order to seek reconsideration.  After I received counsel's certification (Doc. # 2043) with the proposed form of order, I decided to review the pleadings in more detail.  Having done so, I have decided to reconsider my position and request further submissions on what I consider to be issues insufficiently addressed to date.

I first address Mr. Lachapelle's two-page objection to the motion.  In paragraph 4 of that objection, Mr. Lachapelle states that the state law action is premised on Massachusetts General Laws Ch. 93A.  Having reviewed the amended and verified complaint ("the Complaint") attached to the objection, I disagree with Mr. Lachapelle's statement.  Only Count VIII of the Complaint alleges the violation of the Massachusetts General Laws Chapter 93A and that count identifies only defendants McCorry and Dumont as the defendants who violated that statute.

The Complaint contains eight counts.  However, only two of those counts allege misconduct by the Debtors and DeBlois,

namely, Count IV (fraud and misrepresentation) and Count V (negligent misrepresentation).

In its motion, the Debtors and DeBlois rely upon provisions of the Sale Agreement, the Plan and the Plan Confirmation Order. With respect to the Plan and the Confirmation Order, the Debtors cite exculpatory provisions which are applicable to the Debtors and DeBlois. As is pretty much standard with such exculpatory provisions in chapter 11 plans, they except from application conduct that constitutes "gross negligence or willful misconduct."

As noted above, the Debtors and DeBlois are targeted defendants only with respect to two counts of the Complaint. With respect to the negligent misrepresentation (Count V), the Complaint simply states that "[s]aid Defendants failure to disclose the existence of the equifer to the Plaintiff constituted a negligent misrepresentation of the suitability of said Lot 40 for its use as a funeral home." (Complaint ¶ 63) Since the Complaint does not allege gross negligence, I conclude that this count of the Complaint falls within the exculpatory protections afforded by the Plan and Confirmation Order.

With respect to the fraud and misrepresentation (Count IV), it raises a question as to whether that alleged fraudulent conduct falls within the "willful misconduct" exception to the exculpation. The motion papers do not address this. I have not

4

undertaken any research on this issue but I note the following definitions found in <u>Black's Law Dictionary</u> 685, 1020 (8th ed. 2004):

> **fraud**, 1. A knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment. 2. A misrepresentation made recklessly without belief in its truth to induce another person to act. 3. A tort arising from a knowing misrepresentation, concealment of material fact, or reckless misrepresentation made to induce another to act to his or her detriment. 4. Unconscionable dealing; esp., in contract law, the unfair use of the power arising out of the parties' relative positions and resulting in an unconscionable bargain.
>
> **willful misconduct**, Misconduct committed voluntarily and intentionally.

It seems to me that a good argument can be made that the "willful misconduct" would fall within <u>Black's</u> definition of fraud. Thus, as to the fraud count of the Complaint, I have some doubt that the Plan and Confirmation Order exculpatory provisions support the relief requested by the motion. I therefore invite the parties to file appropriate additional submissions addressing this issue.

I have not addressed the "as is, where is" and disclaimer of representation and warranties found in Section 7.4 of the Sale Agreement. This, of course, is offered by the movants as a separate and distinct basis for the motion for relief. I would think there would be reported cases addressing this kind of contract provision vis-a-vis the allegations of fraud in the

                                                                5

Complaint.  I am therefore inviting additional submissions on this issue.

One final comment.  I note from the exchange of communications between Mr. Blais and Mr. Soucy that Mr. Lachapelle is represented by counsel.  Indeed, Mr. Blais appears as attorney of record on the Complaint.  However, since Mr. Blais has not entered an appearance in this Court nor filed a response to the motion in this Court, I assume that he does not represent Mr. Lachapelle in the matter before me and therefore I need not send this communication to him.

                              Very truly yours,

                              Peter J. Walsh

PJW:ipm