FILED
2008 MAR 26 PM: 46
US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTREICT OF DELAWARE

==================================

IN RE:

DB COMPANIES, INC.,
DB MOTOR FUELS, INC.,
DB MARKETING COMPANY, INC.,    CASE # 04-11618 PJW
DB PROPERTIES MANAGEMENT, INC.,
DB TRANSPORT, INC.,

DEBTORS

==================================

## ROBERT LACHAPPELLE'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEBTORS' MOTION (A) TO REOPEN DEBTORS' CHAPTER 11 CASE AND (B) TO ENFORCE THIS COURTS ORDERS CONCERNING SALE OF PROPERTY AND PLAN CONFIRMATION, AND (C) FOR SANCTIONS

In response to the Court's invitation for additional submissions dated March 14, 2008. the undersigned submits the following on behalf of Robert H. Lachapelle.

### WILLFUL MISCONDUCT EXCEPTION

The Court has correctly pointed out that as plainly defined by Black's Law Dictionary, fraud is "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment; Willful misconduct is conduct committed voluntarily and intentionally." Indeed, the terms willful, voluntary and intentional are synonymous. The term "willful" itself is pointedly used in Title 11. (Specifically see s. 523 SUBCHAPTER II-DEBTOR'S DUTIES AND BENEFITS {a}).

1

Fraud, deceit and misrepresentation are "intentional torts" for which a willful action (or inaction) are required. Plaintiffs clearly are not barred by this Court's Discharge from pursuing their claims based in Fraud, Misrepresentation and/or gross negligence. Plaintiffs clearly are barred from pursuing any claims based in simple negligence and will amend their pleadings before the Superior Court in Massachusetts accordingly.

It is also the intention of Plaintiffs to amend their complaint to allege violations of Massachusetts General Laws Chapter 93A. This Chapter of Massachusetts General Laws provides for a cause of action for deceptive business practices, i.e., intentional and willful misconduct which is also allowed by the Court's order.

## "AS IS WHERE IS" LANGUAGE OF THE SALES AGREEMENT

Debtors also rely on the "as is, where is" Language of the Purchase and Sales Agreement as grounds for relief. In doing so, they misapply the law. Such language derives from the law of warranty. It sounds in contract and not in tort. Inasmuch as Plaintiffs' assertions sound in tort there is no application at bar of the "as is, where is" defense. Debtors' Purchase and Sale Agreement may have absolved them of all warranties as to the property in question, however, it cannot absolve them of their intentional and tortuous conduct.

A tortious act has been defined as the commission or omission of an act by one, without right, whereby another receives an injury, directly or indirectly, in his person, property, or reputation. Hayes v. Massachusetts Mut. Life Ins. Co., 125 Ill. 626, 18 N.E. 322 (1888); Capital Elec. Power Ass'n v. Hinson, 230 Miss. 311, 92 So. 2d 867 (1957). A tort is a wrong independent of contract. International Ocean Tel. Co. v. Saunders, 32 Fla.

2

434, 14 So. 148 (1893); Capital Elec. Power Ass'n v. Hinson, 230 Miss. 311, 92 So. 2d 867 (1957). although a tort may arise out of a contractual relationship. 74 Am Jur 2d Torts § 19. Contract law is based on principle of freedom of contract which protects the justifiable expectations of the parties to an agreement, free from governmental interference. Tort law, on the other hand, compensates individuals injured by the unreasonable conduct of another. Through the payment of damages, it provides an incentive to prevent future harm, Eder v. Lake Geneva Raceway, Inc., 187 Wis. 2d 596, 523 N.W.2d 429 (Ct. App. 1994). As contract law rests upon an obligations imposed by a bargain, tort law rests upon obligations imposed by the law, Goossen v. Estate of Standaert, 189 Wis. 2d 237, 525 N.W.2d 314 (Ct. App. 1994). Contract law exists to enforce legally binding agreements between parties tort law is designed to vindicate social policy, Cates Construction, Inc. v. Talbot Partners, 21 Cal. 4th 28, 86 Cal. Rptr. 2d 855, 980 P.2d 407 (1999). The word "tortious" denotes that conduct, whether of an act or omission, is of such a character as to subject the actor to liability under the principle of the law of torts, Restatement Second, Torts § 6.

Moreover, is fundamental at law that a tortfeasor cannot absolve himself for his own intentional and wrongful acts which cause harm to another.
Even Title 11 itself displays little or no tolerance for the tortuous conduct of a Debtor as exhibited below:

*11 U.S.C. s.523*

*SUBCHAPTER II - DEBTOR'S DUTIES AND BENEFITS*

3

*"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title **does not discharge** an individual debtor from any debt -*

*(1) for a tax or a customs duty –...*

*(C) with respect to which the debtor made a **fraudulent** return or **willfully** attempted in any manner to evade or defeat such tax;...*

*(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –*

*(A) **false pretenses**, a **false representation**, or actual **fraud**, other than a statement respecting the debtor's or an insider's financial condition;*

*(B) use of a statement in writing -*

*(i) that is **materially false**;*

*(ii) respecting the debtor's or an insider's financial condition;*

*(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and*

*(iv) that the debtor caused to be made or published with **intent to deceive**; or...*

*(C)(i) for purposes of subparagraph (A) -...*

*(4) for **fraud** or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;...*

*(6) for **willful** and malicious injury by the debtor to another entity or to the property of another entity;..."*

The Bankruptcy Code does not shield a Debtor from his or her acts to defraud creditors.

Debtors argue without authority that a Federal Bankruptcy Court should shield a Debtor from his or her own intentional wrongdoing—specifically fraud. Plaintiffs argue that a Federal Bankruptcy Court should not and may not shield a Debtor from his or her

4

fraudulent conduct. Indeed, if Debtors wish to defend they should do it on the merits of the allegations and defenses available in the state courts of Massachusetts. Defense should not be allowed based upon a tortured and expansive application of bankruptcy law.

**Debtors' Motion should be denied for the reasons cited herein.**

Robert Lachapelle

By his Attorney

Leon Blais
Blais & Parent
Attorneys at Law
20 Cabot Boulevard, Suite 300
Mansfield, MA 02048
Ph: 508.618.1280
Fax: 866.337.2592                Dated: 3, 25, 08



## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Objection was served on all parties by mailing a copy thereof to their attorneys of record:

Daniel C. Cohn
Nathan R. Soucy
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

Victoria Watson Counihan
Dennis A. Meloro
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 198001

_____
Leon Blais
Blais & Parent
Attorneys at Law
20 Cabot Boulevard, Suite 300
Mansfield, MA 02048
Ph: 508.618.1280
Fax: 866.337.2592

Dated 3,25,08