UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH                                                                                   824 MARKET STREET
                                                                                                      WILMINGTON, DE 19801
                                                                                                          (302) 252-2925

April 14, 2008

Victoria Watson Counihan                          Leon Blais
Dennis A. Meloro                                  Blais & Parent
Greenberg Traurig, LLP                            Attorneys at Law
The Nemours Building                              20 Cabot Boulevard
1007 North Orange Street                          Suite 300
Suite 1200                                        Mansfield, MA 02048
Wilmington, DE 19801
                                                  Counsel for Robert H.
Daniel C. Cohn                                    Lachapelle
Nathan R. Soucy
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

Counsel to the Debtors

**Re:  DB Companies, Inc., et al.**
      **Case No. 04-11618 (PJW)**

Dear Counsel:

    This is with respect to Debtors' motion (A) to reopen Debtors' chapter 11 case, (B) to enforce this Court's orders concerning sale of property and plan confirmation, and (C) for sanctions (the "Motion") (Doc. # 2034). The Motion seeks relief on behalf of the Debtors and their CEO, Arthur J. DeBlois, III (hereinafter collectively referred to as "Debtors and DeBlois").

    By my letter of March 14, 2008 (Doc. # 2044), I requested supplemental filings with respect to two issues: (1) Whether the "willful misconduct" exception to the exculpation provisions of the

2

Plan and the Plan Confirmation Order includes a "fraud" claim as alleged in Count IV.  (2) Whether there was any appropriate case law addressing the "as is, where is" provision of the Sale Agreement.

In my March 14, 2008 letter, I stated that a good argument could be made that "willful misconduct" would include Black's definition of fraud.  The Debtors' and DeBlois' supplemental memorandum (Doc. # 2048) does not directly address this issue.  Upon further reflection, I believe that fraud is covered by the term "willful misconduct". Consequently, I conclude that Count IV is not barred by the exculpation provisions of the Plan and the Plan Confirmation Order.

In his memorandum (Doc. # 2047), Mr. Blais states: "Plaintiffs clearly are barred from pursuing any claims based in simple negligence and will amend their pleadings before the Superior Court of Massachusetts accordingly." (p. 2)  I assume that this means that Mr. Blais will drop the Debtors and DeBlois from Count V of the complaint.

With respect to the "as is, where is" provision of the Sale Agreement, I believe that the Debtors' supplemental memorandum effectively argues that with the application of appropriate Rhode Island case law Count IV will be defeated.  However, this is not a matter of this Court interpreting its own order.  This is purely a state law issue and I do not believe that this Court is in any

better position to decide this issue than the Massachusetts Court. Furthermore, given the fact that the subject real property is located in Massachusetts, it is conceivable that the Massachusetts Court could make a determination that it should apply Massachusetts case law to this issue.  If it does, that Court is certainly in a better position than this Court to apply such law.  Finally, Mr. Blais states that "it is also the intention of Plaintiffs to amend their complaint to allege violations of Massachusetts General Laws Chapter 93A."  (Doc. # 2047, p. 2) I assume that this means that the Debtors and DeBlois will be added to Count VIII.  The Massachusetts Court is certainly in a better position than this Court in addressing the application of that state law.

      For the reasons set forth above, I decline to grant the motion.

                                  Very truly yours,

                                  Peter J. Walsh

PJW:ipm